IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PATRICK JEROME STEWARD, | ) | |
| Register No. 505272, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4270-CV-C-SOW |
| | ) | |
| COLUMBIA POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Patrick Jerome Stewart, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as defendants are Columbia Police Department, Norman Botsford, Justin Laforest, Officer Mitchell, University of Missouri Hospital and Clinics, Daniel Winship, David M. Lorenz and Security Guard Mannie.

In support of his claims for relief, plaintiff alleges that while secured in a hospital bed on March 13, 2006, he was assaulted by Columbia Police Officer Justin Laforest and that Officer Mitchell and Security Guards Lorenz and Mannie assisted in the assault by closing the door to the room so that no one would intervene. He also alleges that Officer Mitchell moved out of the way so that Officer Laforest could conduct the assault.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).

The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff has made no allegations against named defendants Columbia Police Department, Norman Botsford, Daniel Winship, and University of Missouri Hospital and Clinics; thus, plaintiff's claims against these defendants should be dismissed.

Plaintiff will be allowed to proceed on his claims against defendants Justin Laforest, Officer Mitchell, David M. Lorenz and Security Guard Mannie.  Although plaintiff's allegations of excessive use of force may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis.  28 U.S.C. § 1915.  The records available to the court indicate plaintiff is capable of making an initial payment of $4.23[1] toward the filing fee.  Plaintiff should contact prison officials to have the initial payment processed.  In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full.  If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders.  Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed.  Reply suggestions should be filed within twelve days after the suggestions in opposition are filed.  In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions.  Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule.  Requests for an extension of time should be filed prior to the expiration of the twelve days

---

[1] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."  The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."  28 U.S.C. § 1915.  If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

allowed for a response.  Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915.  It is further

ORDERED that within thirty days, plaintiff make an initial payment of $4.23 toward the $350.00 filing fee.  It is further

ORDERED that the clerk of court forward appropriate process forms to plaintiff.  It is further

ORDERED that within twenty days, plaintiff return the completed summons and service forms showing the address where defendant may be served.  It is further

ORDERED that upon receipt of the completed forms, the clerk of court deliver the summons and complaint to the United States Marshal for service of process.  It is further

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2).

ORDERED that defendants Laforest, Mitchell, Lorenz and Mannie answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived.  It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration.  It is further

RECOMMENDED that plaintiff's claims against defendants Columbia Police Department, Norman Botsford, Daniel Winship and University of Missouri Hospital and Clinics be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  <u>See</u> L.R. 74.1(a)(2).

Dated this 13th day of December, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4