IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

PATRICK JEROME STEWARD, )
Register No. 505272, )
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　v. )　　No. 06-4270-CV-C-SOW
　　　　　　　　　　　　　　　　　　　　　　　　)
JUSTIN LAFOREST, et al., )
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

**REPORT AND RECOMMENDATION**

　　　　Plaintiff Patrick Jerome Steward, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

　　　　On October 31, 2007, defendant Chesley Manning filed a motion for summary judgment on plaintiff Steward's excessive force claims against him. Despite an order to show cause entered on December 20, 2007, plaintiff has failed to file a response to defendant's motion.

　　　　Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

　　　　Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477

U.S. at 323.  Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  <u>Hass v. Weiner</u>, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  <u>Robinson v. Monaghan</u>, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

The facts as established by defendant Manning's undisputed motion for summary judgment and supporting documentation provide that on March 13, 2006, defendant was on duty as a security guard at the University of Missouri Hospital.  While Manning was on duty, plaintiff Steward was brought to emergency care at the hospital in the custody of Columbia Police Department officers.  Steward was placed on a bed in a treatment room and was handcuffed to the bed rail.  While remaining in the custody of the Columbia police officers, Steward received medical care.

As a security officer for the hospital, Manning's duties included his being called to be present when law enforcement officers bring an "in custody" or arrested person to the hospital for treatment.  When called to be present for in-custody patients, Manning's duties were to provide general security for the hospital's patients and employees, and to try to prevent anything that might interfere with the operation of the hospital.  Manning was not a certified peace officer and had no authority to make arrests or take custody of arrestees brought into the hospital.  When a person who is under arrest or in custody is brought to University Hospital for medical treatment by law enforcement officers, the law enforcement officers remain responsible for that individual and for keeping him in custody.  The custody of and responsibility for the arrested person is not relinquished to or shared with University Hospital security guards.

On the date in question, Manning states he was conducting his duties as a security guard in the vicinity of Steward's room at the hospital. Manning states he was sometimes outside Steward's room and sometimes inside his room. The door to the room was opened and closed several times. At one point, Steward was speaking loudly to Officers LaForest and Mitchell, at which time Manning moved inside the room and closed the door to prevent the sound of Steward's comments to Officers LaForest and Mitchell from carrying into the rest of the Emergency Department and causing a disruption or a distraction. Manning states that at no time did the officers communicate to him that he should close the door; rather, he closed the door to prevent the sound of Steward's comments from causing a disruption. Officer LaForest did not communicate to Manning that he intended to use any type of restraint or force on Steward or that he intended to put his hands on Steward in any manner. At some point after Manning closed the door, he saw Officer LaForest approach Steward and put his hands on Steward's face or jaw to apply a pressure point restraint. While doing that, Manning heard Officer LaForest tell Steward to stop threatening him and Officer Mitchell. Officer Mitchell was also present in the room at the time. Officer LaForest had his hands on Steward for only a few moments and at no time did Manning see Officer LaForest choke Steward or use any racial epithet toward Steward. At no time did it appear to Manning that anything Officer LaForest was doing was likely to cause significant injury to Steward. While Officer LaForest had his hands on plaintiff, plaintiff continued to breathe and his eyes remained wide open. After Officer LaForest removed his hands, plaintiff was able to verbally accuse Officer LaForest of assaulting him.

To bring his constitutional 42 U.S.C. § 1983 claims of excessive use of force against defendant Manning, plaintiff must show that the Manning was personally involved in the claimed excessive use of force. Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of constitutional rights. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). See also Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006) (to establish personal responsibility under section 1983, inmate must allege facts of direct personal involvement or responsibility for the deprivation of constitutional right).

Here, plaintiff makes no allegations that defendant Manning personally used force against him. Rather, plaintiff's allegations are that Manning did not stop LaForest from assaulting him, and that Manning, in fact, closed the door to his room so that Officer LaForest

3

could assault him. Despite these assertions that Manning was authorizing the assault or that Manning should have intervened, plaintiff has come forward with no evidence to support his allegations.

Plaintiff has failed to come forward with any evidence to support that Manning closed the door to Steward's room to allow Officer LaForest to assault him. There is no evidence to support that Manning was put on notice that Officer LaForest intended to use restraint or force, or to put his hands on plaintiff in any manner, and that Manning closed Steward's door in response. Rather, the evidence shows that Manning closed the door to plaintiff's room consistent with his duties as a hospital security guard to prevent Steward's loud statements being made to Officers LaForest and Mitchell from disrupting the emergency area of the hospital.

Plaintiff also has provided no evidence to support allegations that Manning should have intervened. The evidence shows plaintiff was not in Manning's custody, but rather was in the custody of the two Columbia police officers, LaForest and Mitchell. Manning's job duties as a hospital security guard did not include custody issues for arrestees accompanied by commissioned law enforcement personnel. Moreover, Manning did not have training regarding the physical or legal aspects of law enforcement officers keeping criminal suspects in custody or regarding what use of force is considered appropriate for a criminal suspect in law enforcement custody. Finally, at no time was Manning concerned the pressure-point restraint applied by Officer LaForest was likely to cause significant injury to plaintiff. Based on the undisputed evidence, Manning had no basis to believe he should intervene.

Plaintiff has failed to come forward with evidence to support personal involvement, causal link, or Manning's direct responsibility for the alleged constitutional violation of excessive use of force. Absent such evidence, defendant Manning is entitled to judgment as a matter of law on plaintiff's section 1983claims of excessive use of force. The court need not address further basis for granting summary judgment at this time.

IT IS, THEREFORE, RECOMMENDED that defendant Manning's motion for summary judgment be granted. [75]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 6th day of March, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5